## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BARBARA AMBURGEY, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Docket No. 2:06-CV-149-GZS |
| ATOMIC SKI USA, INC., et al., | ) |
| Defendants. | ) |

### ORDER

Presently before the Court are Plaintiffs' Motion for Reconsideration, or in the Alternative, for Certification for Interlocutory Appeal and Plaintiffs Barbara Amburgey's and Leonard Amburgey's Motion to Supplement Motion for Reconsideration. (Dockets # 45 & 48.) For the reasons briefly stated herein, the Court hereby DENIES the Motions.

In this litigation, Plaintiffs Barbara Amburgey and Leonard Amburgey have brought various causes of action against Amer Sports Corporation ("Amer Sports"), Atomic Austria, GmbH ("Atomic Austria") and Atomic Ski USA, Inc. ("Atomic Ski USA"). On May 17, 2007, this Court granted a motion to dismiss for lack of personal jurisdiction with regard to Amer Sports and Atomic Austria ("May 17 Order"). (Docket # 44.) Through the present Motion, Plaintiffs seek reconsideration of the Court's May 17 Order. In the alternative, Plaintiffs request that this Court enter final judgment or certify the jurisdictional issues raised in the Motions and in the Court's May 17 Order for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b).

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) provides a court with an opportunity to correct "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). The First

1

Circuit has noted that it is very difficult for a party to prevail on a Rule 59(e) motion. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). Further, a motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected. Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

In the present case, Plaintiffs have failed to sustain their burden. Plaintiffs have not proffered any newly discovered evidence that was not previously available nor have they established that the Court committed a manifest error of law or fact to cast doubt on the May 17 Order. Instead, Plaintiffs use the Motion for Reconsideration to take umbrage with the Court's ruling and rehash arguments previously considered and rejected by the Court.[1] Thus, the Court declines to exercise this extraordinary remedy. To the extent Plaintiffs filed a Motion to Supplement their Motion for Reconsideration, the Motion is DENIED. (Docket # 48.)

In the alternative, Plaintiffs request that this Court enter final judgment or certify the jurisdictional issues raised in the Motions and in the Court's May 17, 2007 Order for immediate appeal pursuant to Rule 54(b) or section 1292(b). In general, there is a preference against piecemeal litigation, and the procedures available under either Rule 54(b) or section 1292(b) should be granted sparingly. See Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (stating that "interlocutory certification under 28 U.S.C. § 1292(b) should be used

---

[1] Under the guise that the Court's May 17 Order was based upon erroneous findings of fact, Plaintiffs repeat their argument that Atomic Austria's website and Unicomp, Inc. v. Harcos Pigments, Inc., 994 F.Supp. 24 (D. Me. 1998) support personal jurisdiction. The Court declines to reanalyze what was previously considered and rejected. In addition, the Court notes that Plaintiffs have failed to proffer any facts or argumentation specific to Amer Sports.

sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority"); Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988) ("[E]ntry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants.  Clearly the purpose of the rule is not to encourage broadly piecemeal appeals just because an appellant may be in a hurry." (internal citations and quotations omitted)). Because Plaintiffs have failed to establish that they are entitled to either procedure, and in the exercise of its discretion, the Court declines to enter a final judgment under Rule 54(b) or certify the issues for interlocutory appeal under section 1292(b).

Therefore, the Court DENIES Plaintiffs' Motion for Reconsideration, or in the Alternative, for Certification for Interlocutory Appeal and Plaintiffs Barbara Amburgey's and Leonard Amburgey's Motion to Supplement Motion for Reconsideration.  (Docket #s 45 & 48.)

**SO ORDERED.**

       /s/ George Z. Singal
   United States Chief District Judge

Dated this 10th day of July 2007.